SAMUEL WILSON

v.

DAVID C. BIRD and wife.

One who comes into a court of conscience to enforce a forfeiture, must come with skirts free from blame in the transaction.

---

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. J. D. Bartine,* for complainant.

*Mr. J. H. Jackson,* for defendants.

THE CHANCELLOR.

The bill in this cause is filed to foreclose a mortgage given by the defendants to the complainant, dated January 1st, 1876, for $800, payable in three years from date, with the interest payable half-yearly. The bond, the payment of

which the mortgage is made to secure, contains an agreement that, if default be made in the payment of interest for thirty days after it becomes payable, the principal shall, at the option of the obligee, become due at once. The interest, which became due on the 1st of July, 1876, was not paid, and the complainant, claiming to be entitled to exercise his option to make the principal payable at once, instituted this suit for the recovery of the principal and interest. The question between the parties is, whether there has been a forfeiture which this court will enforce. That the interest which fell due on the 1st of July, 1876, was not paid within thirty days after it became payable, is admitted. By an agreement between the parties only one-half of that interest was payable, the claim to the rest having been waived for the reason that Bird did not take possession of the mortgaged premises, (which were purchased by him from the complainant, and the mortgage in suit given to secure the payment of part of the price,) for three months from the date of the mortgage. It is admitted that the complainant, on the 31st of July, 1876, owed Bird, for work done and goods sold, the sum of $7.97; and that on the other hand, Bird then owed the complainant $4.50, for an insurance premium paid by the latter for him. On that day Bird, who at the complainant's request had made out the bill for the work, requested the complainant to credit the difference between those two sums on account of the interest due on the mortgage. The complainant declined to do so, but paid to Bird that difference, $3.47. Bird and his wife both testify that, on that occasion when Bird requested the complainant ·to apply the $3.47 to the payment of the interest, the latter told him he had sold the mortgage to his sister, who lived in Brooklyn, and that he had nothing to do with it; and that he told Bird to keep the money and pay the interest to her when she should call for it. The complainant denies this. His version of the transaction is, that on that occasion when Bird asked him to keep the $3.47 on account of the interest, he told him that he did not want to receive

the interest in that way; that he told Bird to keep the $3.47 and pay the interest all together at one time; that Bird said he would rather the complainant should take it, as he, Bird, had very little work and did not know when he would be able to get the whole of the interest together, and wanted the complainant to bear with him awhile. If the complainant on that occasion informed Bird that he had assigned the bond and mortgage to his sister, and advised him to keep his money until he should call for the interest, he is in no position to claim the benefit of the forfeiture arising from the failure to pay the interest within the thirty days. *DeGroot* v. *McCotter*, 4 *C. E. Gr.* 531. The weight of the evidence is that he did so. Bird and his wife both swear to the fact, and there is some corroboration in the complainant's admission that he told Bird to retain the money; though he says he gave as his reason that he preferred that the latter should pay the entire amount due at once. The interest which was claimed then was but $14.00, and there appears to be no reason why the complainant should have refused to give credit for the $3.47, unless he intended to insist on the payment of the interest according to the terms of the bond, and to claim the benefit of the forfeiture. His language, however, did not, according to his own statement, convey that idea, but rather the contrary. There is no further corroboration in the complainant's testimony in regard to the assignment to his sister, which, he says, he drew. He appears to have been offended by Bird's refusal to pay the tax on the mortgage; and he admits that in the month of July, 1876, he spoke to Bird, in the presence of the wife of the latter, in reference to the assignment, but says that he merely stated that he intended, on account of Bird's refusal to pay the tax, to assign the mortgage to his sister. He further says that he told Bird that if he assigned the mortgage to his sister, the assignment was not to take effect until one year after the giving of the mortgage. He adds the incongruous statement: "In the meantime the interest was to be paid to me; there was not a word said as to the person to

Wilson v. Bird.

whom the interest should be paid." His subsequent testimony on the subject is of so contradictory a character as to deprive his denial of effect. Both Mr. and Mrs. Bird testify that when, on the 15th of July, 1876, the former asked the complainant if he would be willing to pay half of the tax if Bird would pay the other half and the interest, the complainant replied that he had sold the mortgage to his sister in Brooklyn. The complainant admits that he drew an assignment of the mortgage from himself to his sister, in July, and denies that it was drawn before the 15th. He declares, however, that he is unable to fix the date. His sister never knew of the existence of this paper, nor of the complainant's intention to assign the mortgage to her.

One who comes into a court of conscience to take advantage of a forfeiture, must come with skirts free from blame. The weight of the evidence is, that on the 15th of July the complainant told Bird that he had assigned the mortgage to his sister, and that on the 31st of July, 1876, he not only, by his direct statements, induced Bird to believe that he was not the owner of the mortgage in suit, but then advised him to keep his money until the assignee should call on him for the interest. Under such circumstances he ought not to be permitted to enforce the forfeiture. The bill was filed on the 24th of August, 1876, and Bird made tender in September following, as he says, of the interest which was due on the 1st of July. The complainant says that tender was made in the latter part of October. He refused to receive the money.

The proceedings will be stayed on the payment of all the interest now due, without costs. There will be an order that, on payment by the defendants within ten days from the time when the amount now due on the mortgage, irrespective of forfeiture, shall have been ascertained by the court or by agreement of the parties, the proceedings in this suit be stayed until default shall be made in any of the payments hereafter to become due according to the condition of the bond.