DORA M. LANG and husband

*v.*

PETER MOOLE and wife.

A contract for the sale of lands provided that, of the purchase-money, $100 should be paid in cash at the time when the agreement was made, and the remaining $600 in monthly installments of $10 each, no stipulation as to interest being inserted. The vendee entered and continued in possession at the time of filing his bill for specific performance.—*Held*, that he should pay interest on the installments as they came due.

Bill for specific performance.   On final hearing on pleadings and proof.

*Mr. T. F. McCormick*, for complainants.

*Mr. P. H. Gilhooly*, for defendants.

THE CHANCELLOR.

The suit is brought to rectify a defect in the description of the property in an agreement made March 29th, 1873, by the defendants with Mary Jane Dexter (whose assignee the complainant, Mrs. Lang, is), for the sale and conveyance by the defendants to her, for the price of $700, of a house and lot in the city of Elizabeth, in this state, and to compel specific performance of the contract. By the agreement, $100 of the purchase-money was to be paid on the making of the agreement, and the balance ($600) in equal monthly installments of $10 each, and the seller was to convey the property on receiving payment as therein stipulated. The mistake in the description of the property is admitted. The sole question presented is whether the $600 of purchase-money paid in installments running through a period of five years, bears interest.

The defendants, by their answer and testimony, allege that in the instructions to the scrivener by whom the agreement

Lang *v.* Moole.

was drawn, he was directed to make provision in the instrument for interest on that money.    Neither Mrs. Dexter nor her husband is called, however, to testify on the subject, and the scrivener appears to have no recollection on the point.    It appears that two payments of interest ($21 each) were made, one by Dexter, and the other by his wife; but in August, 1874, he declared that he would pay no more interest, unless compelled by law.    In equity, the vendor under such an agreement as that upon which this suit is brought, is the owner of the purchase-money, and the vendee is the owner of the land; and in general, the latter is entitled to an account of the rents and profits, and the former is entitled to interest.    Where the purchaser is in possession, equity will in general require him to pay interest on the unpaid purchase-money.    The parties may, indeed, control the matter by their stipulations, but so strongly does equity hold to the principle that a purchaser in possession shall pay interest, that it will look at any agreement which appears to prevent the application of the rule, in the light of the general principle, and since it interposes only according to conscience, will refuse to compel execution of it where it grossly violates the rule.    *Fry on Spec. Perf.* § *921; Birch* v. *Joy, 3 H. of L. 598.*    In the case in hand, the rule is clearly applicable.    The purchaser and her assignee have had possession of the property, as is stated in the bill, ever since the making of the agreement.    The contract provides that the title shall pass when the whole of the purchase-money shall have been paid.    It does not provide for possession by the purchaser in the meantime.    The rule, therefore, is undeniably applicable, and the seller is entitled to interest.    Inasmuch as none has been paid, except $42, Mrs. Lang has not paid all that she is bound to pay, and consequently the complainants are not entitled to a decree of specific performance.    There appears to have been no necessity for filing a bill for rectification of the agreement in the matter of description.    The complainants were in possession of the property under the agreement, and the defendants

never refused to correct the agreement. No application appears to have been made to them on the subject. The· agreement describes the property as " a certain house, one· story high, and the lot of ground upon which the same is erected." As between the parties, it could have been enforced without rectification. *Lewis's adm'r* v. *Reichy, 12· C. E. Gr. 240;* Owen v. *Thomas, 3 Myl. & K. 353.* As to strangers, the vendee had possession under the agreement (which was on record), and that was notice of her claim. *2 Sugd. on Vend. (11th Am. ed.) 543; Daniels* v. *Davison, 16 Ves. 254; Baldwin* v. *Johnson, Sax. 441; Havens* v. *Bliss, 11· C. E. Gr. 363.* There will be a decree rectifying the· description, but the complainants will, under the circum-· stances, be required to pay the costs of the suit.