# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY
## AND THE PREROGATIVE COURT

NOVEMBER TERM, 1898.

THE SECURITY TRUST AND SAFE DEPOSIT COMPANY,
complainant and respondent,

*v.*

THE NEW JERSEY PAPER BOARD AND WALL PAPER
MANUFACTURING COMPANY, defendant and appellant.

[Filed March 6th, 1899.]

1. When a mortgage, to secure the payment of the principal of certain bonds at a specified day and the interest thereon according to the provisions of coupons attached to the bonds, contains a covenant that at a fixed time after default in the payment of interest and after demand the principal shall become immediately due and the bonds and coupons are payable at a designated place, default in the payment of interest, within the meaning of that covenant, will result from the non-payment of the coupons, although not presented at the designated place and payment demanded.

603

2. *Quære.* Whether, if money had been provided at the designated place, so that coupons presented would have been paid, a court of equity would enforce the agreement that the principal should become due upon such default.

On appeal from a decree advised by Vice-Chancellor Reed. (No opinion.)

*Mr. David J. Pancoast,* for the appellant.

*Mr. Thomas E. French,* for the respondent.

The opinion of the court was delivered by

MAGIE, CHIEF-JUSTICE.

The attack on this decree, which is for the foreclosure and sale of mortgaged premises, is made upon a single ground. The contention is that the principal sum secured by the mortgage and included in the decree was not due at the time the bill to foreclose was filed or when the decree was made.

Whether the principal had become due or not depends on the law applicable to the following facts: The mortgage was made to respondent to secure the payment of one hundred bonds of $1,000 each and the interest thereon. Each of the bonds acknowledged an indebtedness to bearer of $1,000, payable at the banking-house of respondent on June 5th, 1905, with interest, payable semi-annually, on the presentation and surrender of annexed coupons at said banking-house. The coupons contained the mortgagor's promise to pay the semi-annual interest at that banking-house.

The mortgage contained an express covenant by the mortgagor to pay the respective holders of bonds the principal thereof on the day or days specified, at the place designated, and the interest thereon at the place and in the manner appointed for the payment thereof.

It also contained a covenant thus expressed, viz.:

"That if default shall be made in the payment of the interest on said bonds or any of them or any part thereof for the period of one calendar month next

after becoming due as aforesaid, and after demand for the payment thereof, the whole principal sum of each and all of said bonds issued as aforesaid and all unpaid interest thereof, as well after as up to the time of such default, shall at once become due and payable as fully and absolutely as if the aforesaid time appointed for the payment of the principal sums of said bonds had arrived."

The interest due December 5th, 1896, June 5th and December 5th, 1897, had not been paid and no money for its payment had been placed with the mortgagee, either on those dates or at any other time. The holder and owner of all the bonds made demand in writing for the payment of the unpaid interest, which demand was not complied with. More than one calendar month thereafter he notified respondent of the default and requested it to foreclose the mortgage, which it accordingly proceeded to do.

These were the facts disclosed by the proofs and it is now contended that a decree that the principal sums named in the bonds had become due and payable could not rightly be made thereon, because it was not shown that, either at the time the interest was payable or subsequently when the written demand was made or at any other time, were the coupons representing that interest presented at respondent's banking-house and offered to be surrendered on payment. The insistment is that, in the absence of such presentation, there was no default within the covenant above recited.

The case indicates that this objection was not brought to the attention of the learned vice-chancellor who heard the cause and advised the decree, and this doubtless accounts for our not being furnished with the reasons for the decree.

No objection on the part of the respondent has been interposed to our consideration of the question thus presented and it is deemed advisable to consider it. In doing this we may presume that the point now made was not in the mind of counsel who represented appellant at the trial below, and it is not intended to concede that a point claimed to be fatal to the right to a decree may be deliberately withheld from the attention of the trial court or permitted to pass *sub silentio,* and then be presented on an appeal so as to require us to try the cause as in the first instance,

and without the benefit of the deliberate opinion of the trial judge to which we are entitled by the constitution.

Our consideration of the question argued has led to the conclusion that the decree was rightly made.

It is to be observed that the bonds in question do not contain the agreement that the principal shall become due upon default of payment of interest. That appears in the mortgage alone. But when it appears that such instruments are executed simultaneously and in respect to the same transaction and they refer to each other, as is the case here, the terms of each are qualified by applicable provisions of the others and a stipulation of this sort in the mortgage becomes part of the obligation of the bonds. *2 Jones Mort.* § *1179 ; Waples* v. *Jones, 62 Mo. 440 ; Schoonmaker* v. *Taylor, 14 Wis. 313.*

It is settled in this state that an obligation for the payment of money at a specified place creates, not a conditional liability dependent upon presentment and demand of payment at that place, but an absolute liability to pay generally. In an action at law upon such an obligation presentment for payment at the place named therein need neither be pleaded nor proved. *Adams* v. *Hackensack Improvement Co., 15 Vr. 638.*

The bonds in question would therefore have become due on June 5th, 1905, without presentation at the banking-house at which they were payable, and thereafter an action at law could be maintained thereon.

In like manner the coupons attached to the bonds became due at the respective dates at which they were payable without presentation at the banking-house at which they also were payable, and thereafter an action at law could have been maintained thereon.

In any such action the fact that money to pay the obligations had been provided at the designated place could be interposed not as a complete but as a partial defence. *Adams* v. *Hackensack Improvement Co., ubi supra.*

If the obligation of these coupons could thus be enforced in an action at law, it is obvious that their non-payment was a default in the payment of the interest such as was contemplated by and contained within the covenant in question.

H. B. Anthony Shoe Co. v. West Jersey R. R. Co.

Had it appeared that money for the payment of these coupons had been provided at the banking-house named, so that, upon presentation, they would have been paid, another question would have been presented. In decreeing the foreclosure of mortgages which have become due by default in payment of interest under such a stipulation, the court of chancery enforces agreements respecting the time of payment of principal, intended to secure the prompt payment of interest, which the parties are competent to make and which it is not inequitable to enforce. *Baldwin* v. *Van Vorst, 2 Stock. 577; Fisk* v. *Spring, 6 C. E. Gr. 175; Ackens* v. *Winston, 7 C. E. Gr. 445.* But when the default has been brought about by fraudulent or inequitable conduct on the part of him who seeks to take advantage of it, the court will not enforce the agreement. *McCotter* v. *De Groot, 4 C. E. Gr. 72; S. C., 4 C. E. Gr. 531; Wilson* v. *Bird, 1 Stew. Eq. 352.*

It is, however, established by the proofs in this case that no money was provided for the payment of the coupons in question, and therefore the effect of such provision need not be considered.

The decree must for these reasons be affirmed.

*For affirmance*—The Chief-Justice, Depue, Van Syckel, Dixon, Garrison, Lippincott, Gummere, Ludlow, Collins, Bogert, Nixon, Hendrickson, Adams, Vredenburgh—14.

*For reversal*—None.