JEROME J. DUNN v. WILLIAM ARMBRUSTER.

Decided March 24, 1924.

**Real Estate—Marketability of Title—Statute of 1922 Fixing Thirty Years of Uninterrupted Possession Vests Full and Complete Title.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the rule, *L. Edward Herrmann* and *Albert Moe.*

*Contra, Jerome J. Dunn.*

PER CURIAM.

This was an action for the breach of a contract for the sale of a piece of land in Hudson county, known as the Green-ville Scheutzen Park, by the terms of which the defendant contracted to sell to the plaintiff the property in question for $85,000. The plaintiff paid $1,500 as a deposit on the execution of the agreement and thereafter expended $125 in having the title searched. The search disclosed that on April 15th, 1872, one Elizabeth D. Baker, who was then the owner of the property, executed a conveyance thereof to one Joseph Godfrey, and that her husband did not join in the conveyance, although he signed the deed. This fact, in the opinion of the plaintiff, made the title to the property un-marketable, and for this reason he refused to accept a tender of the deed and demanded back his deposit and also the moneys expended by him in the search of the property. The defendant having refused to comply with this demand 'he present action was brought.

It appeared that when the cause was moved for trial Mr. Herrmann, who was the attorney and counsel of the defend-

ant, was not in court, being then actually engaged in the trial of a cause before the United States District Court, in which he represented the board of public utility commissioners. This fact was represented to the trial judge and an adjournment was requested. The application having been opposed by counsel for the plaintiff, the trial judge, considering that, under all the circumstances which were disclosed, the plaintiff was entitled to move his case, refused the adjournment. Thereupon, a jury having been drawn and sworn, the plaintiff proceeded to prove the facts above recited, and, the defendant not being represented at the trial, a motion to direct a verdict in favor of the plaintiff was then made and this motion was granted. On the following day the present rule was allowed to the attorney for the defendant, and we are now asked to make it absolute.

We agree with the view of the trial court that it was the duty of the attorney of the defendant, when he found that it was impossible for him to be present on the day for which the case had been set for trial, to promptly notify his adversary and the trial court and that the case ought not to have been adjourned except upon condition that the costs of the day incurred by the plaintiff were paid by the defendant. The defendant himself, however, was not responsible for the then existing conditions, and he ought not to be deprived of a valid defense by reason of this failure on the part of his attorney. That he has such a defense is at least probable. The amendment to our statute of limitations, passed in 1922 (*Pamph. L., p.* 315), declares that "Thirty years' actual possession of any lands, tenements or other real estate * * * uninterruptedly continued by occupancy, descent, conveyance or otherwise, in whatever way or manner such possession might have commenced, or have been continued, shall vest a full and complete right and title in every actual possessor or occupier of such lands," &c. Assuming (as is asserted by defendant's counsel) that the defendant and his predecessors in title have been in actual possession of the lands in question for more than thirty years last past under color of the title attempted to be conveyed by the deed of April 15, 1872,

the claim of the plaintiff is without legal merit. In this situation we think the defendant should be permitted to establish that defense, if it exists; but, in order to entitle him to do so, he should be required to pay the costs incurred by the plaintiff at the trial of the cause.

The rule to show cause will be made absolute, upon condition that these costs be first paid.