LUCKENBACH TERMINALS, INC., a body corporate, complainant-appellant,

*v.*

THE TOWNSHIP OF NORTH BERGEN in the county of Hudson, COUNTY OF HUDSON, NEW JERSEY JUNCTION RAILROAD COMPANY and THE NEW YORK CENTRAL RAILROAD COMPANY, defendants-respondents.

[Submitted October term, 1939. Decided January 25th, 1940.]

*Mr. Clarence Kelsey,* for the appellant.

*Mr. Nicholas S. Schloeder,* for the respondent Township of North Bergen.

*Mr. Robert H. Doherty,* for the respondent County of Hudson.

*Messrs. Wall, Haight, Carey & Hartpence,* for the respondents New Jersey Junction Railroad Company and The New York Central Railroad Company.

The opinion of the court was delivered by

HEHER, J.

The essential question here is the validity of the tax and assessment apportionment and the proceedings culminating in the tax sale.

So far as is disclosed by the opinion of Mr. Justice Case, the only question raised before and considered by the Supreme Court in the *certiorari* proceedings was "whether the taxes and assessments were apportioned in a manner unfair" to appellant here. *Luckenbach Terminals, Inc.,* v. *Township of North Bergen, 118 N. J. Law 348.* But the constitutional sufficiency of the statute under which the apportionment was had (chapter 121 of the laws of 1919, page 285, as amended

by chapter 335 of the laws of 1933, page 879), and the funda-
mental validity of the apportionment proceeding itself, were
also legal questions cognizable on *certiorari*. As regards
these matters, therefore, there was an adequate remedy at
law. *Mitsch* v. *Township of Riverside, 86 N. J. Law 603;
Walsh* v. *Newark, 78 N. J. Law 168; Groel* v. *Newark, Ibid.
142; Meredith* v. *Perth Amboy, 63 N. J. Law 520; State* v.
*City of Hudson, 29 N. J. Law 475; Kirkpatrick* v. *Commis-
sioners, &c., of New Brunswick, 42 N. J. Law 510; State,
Weart, Pros.,* v. *Jersey City, 41 N. J. Law 510; Pardee* v.
*Perth Amboy, 57 N. J. Law 106; State, Evans, Pros.,* v.
*North Bergen, 39 N. J. Law 456.*

Evidently, as observed by the learned vice-chancellor, the
incorporation in the bill of complaint herein of the allega-
tions (paragraph 40½) that the apportionment was made
by the governing body of the respondent township "with the
corrupt design of saving" the County of Hudson "from pay-
ment of a large amount of taxes under its * * * agree-
ment" with appellant, "and to exact from" appellant "an
unjust amount of taxes" on the plot in question, and that
"the amount of taxes sought to be imposed" on said plot,
"by said apportionment, was so grossly excessive as to be
inconsistent with an exercise of honest judgment," was
designed to invoke equitable jurisdiction. But the proofs are
utterly devoid of any semblance of support for these allega-
tions; and, in the circumstances, the Chancellor was justified
in refusing to entertain jurisdiction of the subject-matter of
the bill. In the absence of fraud or other special equity, the
validity of a proceeding such as this is fully cognizable at
law; and the fact that the party seeking equitable relief has
delayed the assertion of his claimed right so long that he is
barred from relief at law does not *per se* operate to invest
equity with jurisdiction to award a remedy. *Mitchell* v.
*Pychlau, 105 N. J. Eq. 524; Mackie* v. *Cain, 92 N. J. Eq.
631; Roe* v. *Mayor and Aldermen of Jersey City, 79 N. J.
Eq. 645; Goodwin* v. *Millville, 75 N. J. Eq. 270; Jersey
City* v. *Lembeck, 31 N. J. Eq. 255; 21 C. J. 47.*

There is no occasion for the application of the principle,
grounded in the propriety of avoiding a multiplicity of suits,

that when a court of equity has jurisdiction of a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all matters at issue. The allegation of fraud was not proved. It is not necessary to deny jurisdiction in this situation; it suffices to say that Chancery was justified in declining jurisdiction. The rule invoked is permissive rather than peremptory in its operation; the assumption of jurisdiction in such circumstances rests largely in the sound discretion of the Chancellor. *Brown* v. *Edsall, 9 N. J. Eq. 256; Little* v. *Cooper, 10 N. J. Eq. 273; Carlisle* v. *Cooper, 21 N. J. Eq. 576; Collier* v. *Collier, 33 Atl. Rep. 193; Mayor and Aldermen of Jersey City* v. *Gardner, 33 N. J. Eq. 622; Loder* v. *McGovern, 48 N. J. Eq. 275; Hubatka* v. *Maierhoefer, 65 Atl. Rep. 1002; Stout* v. *Phoenix Assurance Company of London, 65 N. J. Eq. 566, 573; Shaw* v. *G. B. Beaumont Co., 88 N. J. Eq. 333; 21 C. J. 137, 140, 143.* The fact that appellant now asserts an invasion of his constitutional rights does not oblige Chancery to assume jurisdiction. As stated, such ground of invalidity was cognizable in the *certiorari* proceedings, and there was therefore an adequate remedy at law in this respect. A special equity cannot be made to rest upon the failure to raise the question in those proceedings. Compare *Vaughn* v. *Johnson, 9 N. J. Eq. 173.*

The circumstances that, in the exercise of its discretionary authority, the Supreme Court denied appellant's application for the allowance of a writ of *certiorari,* and that no appeal lies from that determination, does not constitute either a special equity or the want of an adequate remedy at law. *Williams* v. *Board of Commissioners, &c., of Audubon, 96 N. J. Eq. 459.* The denial of the application for the writ was not grounded in the hypothesis that it was not an appropriate and available remedy under the circumstances presented, but rather that on the merits appellant was not entitled to relief. The claim of "unfair" apportionment had not been sustained. As to whether laches and estoppel may bar relief in a case involving constitutional deficiency, see *Meredith* v. *Perth Amboy, supra.*

Decree affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 14.

*For reversal*—None.