32 N.J. Super. 197 (1954)
108 A.2d 107
NEW JERSEY HIGHWAY AUTHORITY, PLAINTIFF-RESPONDENT,
v.
MARY RENNER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 13, 1954.
Decided September 27, 1954.
*199 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Daniel G. Kasen argued the cause for plaintiff-respondent (Mr. Morris M. Schnitzer, attorney).
Mr. Wallace P. Berkowitz argued the cause for defendant-appellant.
The opinion of the court was delivered by CLAPP, S.J.A.D.
The New Jersey Highway Authority sues Mrs. Mary Renner for specific performance of a contract dated March 21, 1953. By the contract she agreed to sell to the Authority certain land, but was to have until April 1, 1953 to move the building off it. She counterclaims, claiming, among other things (as stated in the pretrial order), that the Authority by its acts  including the digging of an enormous ditch  delayed or prevented her from removing the building and then (commencing May 27, 1953) demolished it, to her great damage. She has now expressly or impliedly abandoned other theories raised by the counterclaim.
The pretrial order directed the equitable issues first to be tried to the court, with the legal issues to be tried later to a jury. At the conclusion of the trial in equity, the court gave *200 judgment for the Authority, not only on the complaint, but on the counterclaim as well. Mrs. Renner's appeal deals but with the counterclaim.
The court ruled  and its ruling presents the first of the three questions before us  that the determination of the claim for specific performance disposed of the counterclaim. In this we think the court rather clearly fell into error.
The court seems to have overlooked  as does the Authority here  the question, above stated, raised by the counterclaim and pretrial order. Mrs. Renner surely did not forfeit her right to the building if the Authority prevented her from removing it before April 1. The Authority cannot take advantage of a forfeiture resulting from acts for which it is to blame. Cf. Wilson v. Bird, 28 N.J. Eq. 352 (Ch. 1877); Security Trust & Safe Deposit Co. v. New Jersey Paper Board, etc., Mfg. Co., 57 N.J. Eq. 603 (E. & A. 1899); 17 C.J.S., Contracts, § 407, page 896.
We can think of only one issue, common to the legal claim and the equitable claim above set forth, which perhaps could have been determinative of both those claims  namely, whether a former attorney for Mrs. Renner had authority from her to enter into the agreement of May 29, 1953. Thereby he, purportedly on her behalf, agreed with the Authority not only to perform the contract of March 21, 1953, but to exchange general releases and thus to extinguish all her claims. The trial court found he was her attorney during that period, but did not find he had authority to make that agreement. An attorney's implied authority does not go so far as to enable him to waive his client's substantial rights without the client's consent. Judge Jayne has collected the cases in Cline v. Kurzweil, 141 N.J. Eq. 508, 512 (Ch. 1948), affirmed 1 N.J. 407 (1949). See Hygrade Cut Fabric Co. v. United States Stores Corp., 105 N.J.L. 324 (E. & A. 1929). There is a presumption that the attorney here was authorized to make such an agreement, Bernstein & Loubet, Inc., v. Minkin, 118 N.J.L. 203 (E. & A. 1937), but Mrs. Renner is not to be foreclosed of her right to rebut the presumption.
*201 The above legal issue raised by the counterclaim being undisposed of, the case must go back for a determination of that issue before a jury. We do not reach questions which suggest themselves in the usual case where an action involves two claims, one legal and the other equitable, and an issue arises in the action common to both claims: does a decision on that issue first by the court without a jury become the law of the case and bind the parties when the issue arises later before the jury; must that issue, therefore  by force of the constitutional right to a jury, and notwithstanding the second sentence of R.R. 4:40-2  be tried first by a jury unless a jury is waived or the basic nature of the issue is solely equitable. See 5 Moore's Federal Practice (2d ed. 1951), § 38.14 et seq.; Leimer v. Woods, 196 F.2d 828 (8 Cir., 1952); Bruckman v. Hollzer, 152 F.2d 730 (9 Cir., 1946); but cf. Orenstein v. U.S., 191 F.2d 184, 190 (1 Cir., 1951); cf. first sentence, R.R. 4:40-2.
Aside from these matters, it might be noted that the trial court and the parties, without raising any question on the point, have treated the counterclaim here for unliquidated damages as triable by a jury, and we therefore have given no consideration to the point. Steiner v. Stein, 2 N.J. 367 (1949), and cases cited; Luckenbach Terminals, Inc., v. North Bergen Tp., 127 N.J. Eq. 93, 96 (E. & A. 1940); Shaw v. G.B. Beaumont Co., 88 N.J. Eq. 333, 336 (E. & A. 1917); 5 Moore, supra, § 38.19[2].
The second question before us is raised by Mrs. Renner's claim to interest on the purchase money from on or before April 1, 1953  when pursuant to the contract the Authority took possession of the land sold  to the date of the judgment. She relies upon the general rule in equity that where a vendee is let into possession, equity charges him with interest on the unpaid purchase money. 75 A.L.R. 316, 327; 25 A.L.R.2d 951; 81 C.J.S., Specific Performance, § 162, page 773. However there are special circumstances here. Under the contract of March 21, 1953, the purchase money was not due until 30 days after the delivery of the deed, and Mrs. Renner never tendered the deed until *202 after judgment. Besides, she was in willful default on the contract; indeed, dealing with the very matter of interest, her counsel says in his brief that at the opening of the hearing below, he had been willing, because of the circumstances of the case, to stipulate that it was folly to contest the issue of specific performance. The equities of the case govern the matter of interest under the rule relied upon, Volk v. Atlantic Acceptance & Realty Co., 142 N.J. Eq. 67 (Ch. 1948), and they do not warrant interest here. Wilcox v. Commonwealth Realty & Trust Co., 248 Mich. 527, 227 N.W. 678, 75 A.L.R. 307 (Sup. Ct. 1929); In re Howell's Estate, 224 Pa. 415, 73 A. 445 (Sup. Ct. 1909); cf. Atchison, T. & S.F.R. Co. v. Chicago & W.I.R. Co., 162 Ill. 632, 44 N.E. 823, 35 L.R.A. 167 (Sup. Ct. 1896). As to the situation where the purchase money is owing, but by agreement is not yet payable, see Brown v. Norcross, 59 N.J. Eq. 427 (Ch. 1900); Hall v. Ely, 91 N.J. Eq. 92 (E. & A. 1919); cf. Lang v. Moole, 31 N.J. Eq. 413 (Ch. 1879).
The third and final question deals with an interlocutory order allowing the Authority's counsel $150. Mrs. Renner's counsel, appearing in court on the day fixed for the trial below, had applied for an adjournment without giving the notice he might well have given to his adversary; and the court made the payment of this allowance the condition on which it granted that application. On that day the Authority had brought to court two of her former attorneys and two of its employees, as witnesses. In the final judgment, this allowance of $150 was credited to the Authority, not to counsel.
The Authority's preliminary contention that the interlocutory order is not appealable is without merit. The order, affecting, as it does, the final judgment, is clearly appealable. Clock v. Public Service Coordinated Transp., 8 N.J. Super. 20 (App. Div. 1950).
Mrs. Renner challenges the propriety of the allowance. We think the allowance proper, not as a counsel fee, R.R. 4:55-7; nor perhaps as costs, N.J.S.A. 22A:2-8, cf. 22A:2-10, 22:2-8, 22:2-11, 22:2-25, Apperson v. Mutual *203 Benefit Life Insurance Co., 38 N.J.L. 388 (Sup. Ct. 1876); 17 C.J.S., Continuances, § 105, page 270; but as a reimbursement of expenses to which the Authority had been put. Allegro v. Afton Village Corp., 9 N.J. 156, 158, 161 (1952); cf. Dunn v. Armbruster, 2 N.J. Misc. 225 (Sup. Ct. 1924). There was no abuse of discretion as to the amount allowed, or otherwise.
Remanded for trial as to the issue on the counterclaim above stated. No costs.