680 A.2d 1124

INTERNATIONAL FIDELITY INSURANCE COMPANY, PLAIN-
TIFF–RESPONDENT, v. PHILIP J. GOLDBERG, BERLIN FI-
NANCIAL LTD., BERLIN WRECKING, LTD. (NEVADA), AM-
ERITRUST, INC., TECHNIC INSURANCE AGENCY, INC.,
DEFENDANTS–APPELLANTS, AND BERLIN WRECKING,
LTD. (NEW YORK), PATRICK F. AMMIRATI, PATRICIA AM-
MIRATI, VAL DEMARCHIS & CO., ESTATE OF VAL DEMAR-
CHIS, JACK C. ROSEN, RJW BROKERAGE CORP. AND
PHILIP RESSA, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Argued January 17, 1996—Decided August 27, 1996.

Before Judges DREIER and KESTIN.

*James H. Forte* argued the cause for appellants (*Saiber Schlesinger Satz & Goldstein,* attorneys; *Mr. Forte* on the brief).

*Joseph Monaghan* argued the cause for respondent (*Wolff & Samson,* attorneys; *John F. Casey,* on the brief).

The opinion of the court was delivered by

KESTIN, J.A.D.

Plaintiff commenced an action against non-resident defendants, who pled lack of personal jurisdiction as an affirmative defense and moved to dismiss on that ground. On January 20, 1994, the trial court entered an order adjourning the motion to dismiss pending completion of jurisdictional discovery, establishing that plaintiff would be responsible for defendants' reasonable expenses incurred in jurisdictional discovery, and staying merits discovery pending resolution of the jurisdictional issue. On January 27, on

plaintiff's motion, the trial court entered an order for taking out-of-state depositions and the production of documents in respect of jurisdiction. After jurisdictional discovery was completed, defendants renewed their motion to dismiss. The motion was denied on August 19, 1994. On September 1, defendants moved for an extension to September 21 of the time for filing their motion for leave to appeal the trial court's jurisdictional ruling.

In the meantime, on August 23, counsel for defendants wrote to his adversary asserting that "plaintiff's responses to ... defendants' First Set of Interrogatories and First Request for Production of Documents are several months overdue." We assume that the discovery requests had been served by defendants shortly after receiving the suit papers. Defense counsel insisted on the completion of this merits discovery in three days, by August 26, failing which he would move to dismiss for failure to make discovery or, in the alternative, for an order compelling responses to defendants' document demands. The discovery was not produced by the deadline, and the motion was filed, as threatened, on August 26.

Plaintiff delivered 35,483 pages of discovery to defendants on September 7, followed by 14,202 additional pages on September 29. During that time, on September 14, the trial judge entered an order denying the relief sought in defendants' August 26 motion, and reciting that the discovery period in this case had begun on August 19, the date of the trial court's decision on the jurisdictional issue. By September 30, plaintiff had sent defendants invoices totalling $7,278.12 for copying charges relative to the merits discovery.

On December 5, 1994, we entered an order granting defendants' motion for leave to appeal and, on the basis of the motion papers, R. 2:11–2, ruled:

There are clearly insufficient New Jersey contacts in this case to warrant the exercise of jurisdiction. *World–Wide Volkswagen Corp. v. Woodson*, 444 *U.S.* 286, 100 *S.Ct.* 559, 62 *L.Ed.*2d 490 (1980); *Charles Gendler & Co. v. Telecom Equip. Corp.*, 102 *N.J.* 460, 670–742[470–72], 508 *A.*2d 1127 (1986).

The order denying defendant's motion for dismissal for lack of jurisdiction is reversed, and the matter is remanded to the Law Division for dismissal of the complaint, without prejudice.

The order of dismissal was entered in the Law Division on January 3, 1995.

A motion to compel payment of the copying charges, filed on December 14, was granted by the trial court on March 6, 1995 for a lesser amount than sought, reflecting appropriate credits. Defendants appeal. We affirm.

The arguments of each of the parties are grounded on basic principles. Defendants, invoking due process of law concepts, contend that the trial court, without personal jurisdiction over defendants, lacked the authority to take any action affecting their rights. Plaintiff relies on the concept of inherent power, *i.e.,* the authority of any court to function judicially and to do whatever is reasonably necessary to administer matters before it, irrespective of its ultimate authority to adjudicate the merits.

There can be no question that the trial court had full authority to resolve the issues properly before it and to enter whatever orders were necessary to discharge its responsibilities. *United States v. Shipp,* 203 *U.S.* 563, 573, 27 *S.Ct.* 165, 166, 51 *L.Ed.* 319, 323 (1906); *accord United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 *U.S.* 72, 79, 108 *S.Ct.* 2268, 2272, 101 *L.Ed.*2d 69, 79 (1988); *see also Dziubek v. Schumann,* 275 *N.J.Super.* 428, 439, 646 A.2d 492 (App.Div.1994). For example, the trial court unquestionably had the authority to enter the January 20 and 27, 1994 orders, or any other order that would assist either party in respect of jurisdictional discovery. *See, e.g., Makopoulos v. Walt Disney World, Inc.,* 221 *N.J.Super.* 513, 519–20, 535 A.2d 26 (App.Div.1987). Such authority, perforce, included the power to impose appropriate sanctions, *Abtrax Pharmaceuticals, Inc. v. Elkins–Sinn, Inc.,* 139 *N.J.* 499, 513, 655 A.2d 1368, (1995); *see also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 *U.S.* 694, 702–07, 102 *S.Ct.* 2099, 2104–06, 72 *L.Ed.*2d 492, 501–04 (1982), or to assess proper costs,

*Oliviero v. Porter Hayden Co.,* 241 *N.J.Super.* 381, 387, 575 *A.*2d 50 (App.Div.1990), and even to enter judgment for the payment of any such amount adjudicated as due. *See, e.g., New Jersey Highway Authority v. Renner,* 32 *N.J.Super.* 197, 202–03, 108 *A.*2d 107 (App.Div.1954), *aff'd,* 18 *N.J.* 485, 114 *A.*2d 555 (1955). It is equally clear that until the jurisdictional question was resolved, the trial court lacked authority to make any ruling on the merits, *see Citibank v. Estate of Simpson,* 290 *N.J.Super.* 519, 532, 676 *A.*2d 172 (App.Div.1996); *Drobney v. Drobney,* 146 *N.J.Super.* 317, 322, 369 *A.*2d 963 (App.Div.1977), or, in the absence of manifest necessity, to order any merits-oriented relief.

When the trial court denied the motion to dismiss on August 19, 1994, the jurisdictional issue was, as of that moment, decided. No stay was entered nor, apparently, was one sought, *see R.* 2:9–5(a); and the trial court was then empowered to address issues relating to the process of adjudicating the merits. Our order of December 5 reversing the jurisdictional determination might well be regarded as having retroactive effect in respect of the trial court's authority to address merits-related issues; however, defendants' immediate, aggressive pursuit of merits discovery puts matters in a different light. Relying on the judicial authority and discovery rules of this State as soon as the jurisdictional issue had been decided on the trial level, defendants pressed to have their massive merits discovery demands satisfied within days; and, when the discovery was not forthcoming, defendants availed themselves of the trial court's power and authority by moving for a sanction or an order providing specific relief. All of this was undertaken while defendants were pursuing alternative grounds for ultimate vindication by way of their motion for leave to appeal which, if granted, would have eliminated the need for merits discovery at all.

Defendants argue, in effect, that especially after this matter was dismissed as a consequence of our order on the jurisdictional issue, the trial court lacked authority to issue any further orders in the case whatsoever. Nevertheless, establishment of the

amount due for the costs of the merits discovery so insistently pressed by defendants clearly related back to the time when defendants were themselves relying upon the authority of the trial court to acquire that discovery. The trial court's March 6, 1995 order is, in this regard, not different from an order that might have issued after dismissal enforcing defendants' right to be reimbursed for an expense of jurisdictional discovery.

At the very least, considerations of simple justice and fair play suggest that defendants should not be heard to oppugn our trial court's authority to enter an order for costs which were generated by defendants' own insistent demands, while a matter was pending in New Jersey, that the literal terms of our merits discovery rules be complied with. It is of no consequence that defendants' motion to enforce their merits discovery rights was denied. Having taken full advantage of their rights as litigants under the Rules Governing the Courts of the State of New Jersey, defendants cannot now decently disclaim their responsibilities under those rules in the same context.

It might well be contended that after plaintiff made the infelicitous choice of suing defendants where personal jurisdiction was lacking, it should be required to bear the entire cost burden of that choice rather than passing a portion of the costs on to defendants who, as a matter of law, should not have been here at all. That argument might carry the day in some situations. In the circumstances presented, however, it was defendants who had the last and best opportunity to avoid the costs of merits discovery and who in fact, by reason of their insistence while they were still litigating the jurisdictional issue, caused those costs to be incurred.

Affirmed.