688 A.2d 630

P.J.G., PLAINTIFF–RESPONDENT, v. P.S.S., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 6, 1997—Decided February 13, 1997.

Before Judges HAVEY, KESTIN and EICHEN.

*Wilbert & Montenegro,* attorneys for appellant (*Christopher J. LaMonica,* on the brief).

No brief was filed by respondent.

The opinion of the court was delivered by

KESTIN, J.A.D.

This matter, *P.J.G. v. P.S.S.,* arose as one of two cross-complaints alleging violations of the Prevention of Domestic Violence Act, *N.J.S.A.* 2C:25–17 to –33 (the Act). After a joint trial on both complaints, the Family Part sustained the complaint in the companion matter, *P.S.S. v. P.J.G.,* in which P.S.S. alleged assaultive conduct on the part of P.J.G. The record on appeal in this matter does not contain the written order entered in the companion matter. Although we know from the verbatim record of the joint trial that a final restraining order issued prohibiting P.J.G. from engaging in future acts of domestic violence against P.S.S. and restraining contact or communication, we are unaware of its further details.

After reviewing the proofs in respect of the instant matter involving the cross-complaint in which P.J.G. alleged assaultive

conduct on the part of P.S.S., the trial court determined that the proofs were inadequate as a basis for a finding that the charged acts were of sufficient consequence to be classified as domestic violence. *See N.B. v. T.B.,* 297 N.J.Super. 35, 39–41, 687 A.2d 766, 768–69 (App.Div.1997); *Corrente v. Corrente,* 281 *N.J.Super.* 243, 250, 657 *A.*2d 440 (App.Div.1995). The trial court nevertheless entered a final restraining order in this matter prohibiting P.S.S. from engaging in future acts of domestic violence, barring her from two locations including P.J.G.'s place of employment, and enjoining her from harassing communication with P.J.G. or from "stalking, following, or threatening to harm, to stalk or to follow" him. It is from this order that P.S.S. appeals.

■    Where the proofs provide insufficient support for a finding that an act of domestic violence has been committed by the person so charged, the Act expressly precludes the entry of a final restraining order based on that complaint. *N.J.S.A.* 2C:25–29a declares, in part:

> An order issued under this act shall only restrain or provide damages payable from a person against whom a complaint has been filed under this act and only after a finding or an admission is made that an act of domestic violence was committed by that person.

Clearly, unless a finding is made that the person charged with conduct violative of the Act has committed an act of domestic violence, the court lacks a jurisdictional basis to enter a final restraining order or award damages in that matter. Accordingly, the restraints entered against P.S.S. in the instant matter, *P.J.G. v. P.S.S.,* must be vacated and an order of dismissal entered instead.

In the context of any domestic violence case, however, the court has ample inherent power to order any party to refrain from conduct that frustrates the court's jurisdiction or the Act's intendment, or has the capacity to do so. The court also has the authority to order the performance of acts designed to complement its jurisdiction or further the Act's design. *Cf. Crowe v. De Gioia,* 90 *N.J.* 126, 130–36, 447 *A.*2d 173 (1982); *N.B. v. T.B., supra,* at 42, 687 A.2d 766; *International Fidelity Ins. Co. v.*

*Goldberg,* 293 *N.J.Super.* 415, 418–19, 680 *A.*2d 1124 (App.Div. 1996); *Croswell v. Shenouda,* 275 *N.J.Super.* 614, 626–29, 646 *A.*2d 1140 (Ch.Div.1994). The Legislature recognized this in the Prevention of Domestic Violence Act itself when it mandated:

> In proceedings in which complaints for restraining orders have been filed, the court shall grant any relief necessary to prevent further abuse.
>
> [*N.J.S.A.* 2C:25–29b.]

We are also mindful of the underlying purpose of the Act to eliminate violence in designated relationships. *N.J.S.A.* 2C:25–19d. To achieve that general purpose:

> the Legislature ... encourages the broad application of the remedies available under this act in the civil and criminal courts of this State.
>
> [*N.J.S.A.* 2C:25–18.]

We need not define the extent of the Family Part's more general equitable powers. *See, e.g., N.B. v. T.B., supra,* at 42, 687 A.2d 766. For the purposes of deciding this matter, we hold only that, in a domestic violence case, the trial court possesses the statutory authority as well as the inherent power to direct any party in the matter to take action that reasonably serves the purposes of the Act or the court's own jurisdictional needs, or to refrain from conduct that has the capacity to frustrate the legislative design or the court's authority. Such an order, if directed against a party not found to have violated the provisions of the Act, must be narrowly framed with the purposes of the Act in mind. It must have a basis in the record, by way of a sufficient showing of a previous history of domestic violence between the parties, *see N.J.S.A.* 2C:25–29a(1), or any other matter of record that suggests a need for well-considered special measures. An order restraining contact or communication is a valid exercise of inherent power and of the general authority conferred by the statute if, for example, there is a basis for apprehending incidents of future violence and the history between the parties suggests a need to take special steps to keep the parties apart, with a view to protecting either or both of them from the prospect of future violence.

■ Accordingly, although the trial court lacked the jurisdiction in *P.J.G. v. P.S.S.* to enter a final restraining order against P.S.S., it had ample authority in *P.S.S. v. P.J.G.* to impose appropriate restraints upon P.S.S. from contact or communication with P.J.G., in the context of and correlative to the relief ordered in the final restraining order entered against the defendant in that matter. We reverse and remand: (1) for the entry of an order of dismissal in *P.J.G. v. P.S.S.*, and (2) for the trial court's consideration whether the order in *P.S.S. v. P.J.G.* may and should be modified *sua sponte.*