146 N.J. Super. 317 (1977)
369 A.2d 963
NORMA ELINOR DROBNEY, PLAINTIFF-APPELLANT,
v.
RUSSELL EDWARD DROBNEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 21, 1976.
Decided January 24, 1977.
*320 Before Judges CRANE, MICHELS and PRESSLER.
Messrs. Ferry, Lamb & Kern, attorneys for appellant (Mr. Ralph A. Ferro on the brief).
Mr. Robert S. McEwan, Jr., attorney for respondent.
The opinion of the court was delivered by PRESSLER, J.S.C., Temporarily Assigned.
Plaintiff Norma Drobney filed a complaint against her former husband, defendant Russell Drobney, a Colorado resident, seeking an increase in the amount of child support he was required to pay pursuant to a property settlement agreement incorporated in their judgment of divorce. The Chancery Division dismissed the complaint on the ground of lack of jurisdiction over the defendant. She appeals. We reverse.
The facts as appear from the pleadings and affidavits filed below indicate that the parties were divorced in January 1975 in the State of Colorado where both were then and had for some unspecified time been resident. The divorce judgment incorporated a written agreement made by them a year earlier pursuant to which plaintiff waived alimony, retained custody of two of the four children of the marriage, received $50 a month for the support of each child, and received a substantial amount of real and personal property, including $30,000 in cash, ownership of a building lot in Colorado, joint ownership with defendant of a condominium having an approximately $20,000 equity, and half of the proceeds of three mortgages on property located in New Jersey. Two of these mortgages produce a total of approximately $575 monthly for each of the parties. The third has recently been refinanced, resulting in plaintiff's receipt of a lump sum of $7,000, plus an anticipated $480 monthly for the next four years.
Sometime following the entry of the divorce judgment, plaintiff relinquished to defendant custody of the elder of the two children whose custody she had originally retained *321 and returned with the youngest child of the marriage to this State, where apparently both parties had originally resided. Upon her resuming residence in Bergen County and obtaining employment as a hospital nurse, plaintiff came to the conclusion, based on her alleged unanticipated high cost of living here, the circumstances surrounding her original execution of the agreement, and her information regarding defendant's current income, that the $50 a month child support he was paying was grossly and unconscionably inadequate. Hence, she filed this complaint in December 1975, seeking increased child support and counsel fees in this action. The summons and complaint were personally served upon defendant by the sheriff of the Colorado county of his residence. Original process was, furthermore, accompanied by plaintiff's motion for pendente lite relief, requesting that any order of increased child support, inferentially pendente lite or final, be directed to be satisfied directly out of defendant's share of the New Jersey mortgage proceeds. No writ of attachment in respect thereof was, however, sought. Defendant's response was the filing of a cross-motion seeking dismissal of the complaint on the ground of lack of personal jurisdiction, accompanied by an affidavit addressed to the merits.[1] The motion was granted despite plaintiff's argument that irrespective of the personal jurisdiction question, the presence in this State of the mortgage proceeds was adequate to confer quasi in rem jurisdiction upon the court. We are satisfied that plaintiff was essentially correct in this contention and that the trial judge erred in dismissing the complaint.
The problems normally inherent in the application to specific controversies of basic jurisdictional principles have in this State been characteristically compounded in matrimonial *322 actions, both because of the nature of the action itself and because of the special service of process rules which, until only recently, have governed divorce and nullity actions. The effect of the amendments made in R. 4:78 (service of process in divorce and nullity actions), effective September 8, 1975, requires reconsideration and restatement of these jurisdictional principles in the context of matrimonial litigation.
It is, of course, elementary to note that a court having subject matter jurisdiction is nevertheless empowered to act in a specific controversy encompassed therein only if and to the extent it has jurisdiction over either the litigants or the subject matter of the controversy itself unless such jurisdiction is conferred by consent or jurisdictional defect waived. Its power to act at all may be based upon either personal jurisdiction, in rem jurisdiction or quasi in rem jurisdiction, and the extent of its power to act will be circumscribed by the predicates of whichever of these jurisdictional bases underlies its control of the controversy. Expressed in simplistic but nevertheless convenient terms, personal jurisdiction is required where both the basis of the relief sought and the nature of the remedy are personal to the defendant. In rem jurisdiction is adequate where the basis of the relief sought involves only defendant's status or action vis-a-vis specific tangible property or a specific, tangible thing which is subject to the court's control and the nature of the remedy pursued is limited to affecting defendant's interest in that res. Quasi in rem jurisdiction is available where the basis of the relief sought is personal to defendant but where the nature of the remedy is limited to the defendant's interest in a res which has been subjected to the court's control by the issuance of a writ of attachment. See generally, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1957); De Sena v. Prudential Ins. Co. of America, 117 N.J. Super. 235, 243 (App. Div. 1971); Insurance Co. of N. America v. Allied Crude Veg. Oil, etc., 89 N.J. Super. 518, 527-532 *323 (Ch. Div. 1965). And see, Restatement, Judgments, §§ 3, 32, 34 and Comments thereon (1942).
These jurisdictional bases are no less applicable to matrimonial litigation than to any other category of civil litigation, particularly in view of the divisible divorce theory developed by Estin v. Estin, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948), and Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S.Ct. 1360, 1 L.Ed.2d 1456 (1957). Thus the marital status itself is a res which can be dealt with by the court pursuant to an exercise of in rem jurisdiction. See Meeker v. Meeker, 52 N.J. 59 (1968); Foris v. Foris, 103 N.J. Super. 316 (Ch. Div. 1968). Personal obligations deriving from the marital relationship or its termination, including, among other things, support and alimony, are dependent for adjudication on the court's acquisition of either personal jurisdiction over defendant or quasi in rem jurisdiction over property in which he has an alienable interest.[2] See Kase v. Kase, 18 N.J. Super. 12 (App. Div. 1952). And see, as to quasi in rem jurisdiction in respect of a separate maintenance action, White v. White, 16 N.J. 458 (1954). And see, also, N.J.S.A. 2A:34-24 and 26.
While the nature of the jurisdictional bases upon which matrimonial litigation may proceed is essentially the same as other civil litigation, the manner of acquisition of jurisdiction in divorce and nullity actions was, prior to September 8, 1975, not the same. Up until that date, R. 4:4-4, including its long-arm provisions, governed the techniques and mechanisms for obtaining in personam jurisdiction in all civil litigation, including all matrimonial litigation with the exception of divorce and nullity actions. See, e.g., *324 Wright v. Wright, 114 N.J. Super. 439 (Ch. Div. 1971); Egbert v. Egbert, 125 N.J. Super. 171 (Ch. Div. 1973), and E. v. T., 124 N.J. Super. 535 (Ch. Div. 1973), permitting long-arm service, pursuant to R. 4:4-4(e), to effect in personam jurisdiction on a finding of sufficient minimal contacts in, respectively, a separate maintenance action, a support and alimony claim and a custody dispute. R. 4:4-5 governed the techniques and mechanisms for obtaining in rem or quasi in rem jurisdiction in all civil litigation, including all matrimonial litigation with the exception of divorce and nullity actions. See White v. White, and Foris v. Foris, supra. Neither R. 4:4-4 nor R. 4:4-5 were applicable, however, to the obtaining of jurisdiction in divorce and nullity actions, whether in personam or in rem. These actions were governed exclusively by R. 4:78, which, like its predecessor rules, but to a lesser extent, superimposed upon the service prescriptions of R. 4:4-4 and R. 4:4-5 the routine necessity of a variety of additional affidavits or certifications where personal service was to be made, and required specially ordered rather than routinely made substituted or constructive service where personal service could not be made. These special service techniques, designed to insure the defendant's actual receipt of process, were based upon the long-standing public policy in this State favoring the preservation of marriage, a public policy effectively abrogated by the 1971 amendment of the Divorce Law, N.J.S.A. 2A:34-2. Little reason, if any, remained thereafter to encumber divorce and nullity actions with special service requirements. Accordingly, R. 4:78 was amended in 1975 by the adoption of a new rule, designated R. 4:78-1, providing simply that service in such actions shall be made in accordance with R. 4:4. The evident intention of this rule was to permit service in all matrimonial actions pursuant to R. 4:4-4, including its long-arm provisions where applicable, if personal jurisdiction were sought, or service pursuant to R. 4:4-5 if in rem or quasi in rem jurisdiction *325 were sought. See generally, Current N.J. Court Rules, Comments on R. 4:4-4(e) and R. 4:78.
The action here was, of course, not one for divorce or nullity. There was, therefore, even prior to September 1975, no impediment to plaintiff's ultimately proceeding pursuant to R. 4:4-5 in order to obtain quasi in rem jurisdiction. Since she expressed her contentment both below and in this court with quasi in rem jurisdiction and since defendant's share of the mortgage proceeds could patently be brought within the control of the court by writ of attachment and are sufficient to provide her with the full final relief she seeks, the trial judge, rather than dismissing the complaint, should have regarded plaintiff's application as one for issuance of a writ of attachment and so proceeded pursuant to the applicable provisions of the statutes and rules governing attachment of personal property. See N.J.S.A. 2A:26-1 et seq., R. 4:60. We remand to the trial court in order that it may do so now.
In view of our holding that the claim here is susceptible to adjudication on the basis of quasi in rem jurisdiction, once obtained by the issuance of a writ of attachment, we do not reach the question as to whether or not defendant is amenable to an exercise of long-arm in personam jurisdiction on the basis of sufficient minimal contacts here. See, generally, Note, "Past Contacts with State Held Sufficient Basis for in Personam Alimony Award against Non-Resident Spouse," 1 Rutgers Camden Law J. 117 (1969); Note, "Long-Arm Jurisdiction in Alimony and Custody Cases," 73 Colum. L. Rev. 289 (1973).
We should further note that defendant, in resisting jurisdiction, argues that the Uniform Reciprocal Enforcement of Support Act, N.J.S.A. 2A:4-30.1 et seq., provides an exclusive remedy for prosecuting child support claims against a nonresident defendant. While we regard that act as a critical tool in enforcing support obligations, nothing therein confers upon it the exclusivity which defendant urges, and we have no doubt that nothing in its *326 policy or provisions precludes a Superior Court action for support against a nonresident over whom or over whose property jurisdiction can be acquired by the courts of this State.
A final word about the merits. We are satisfied that the affidavits herein filed raise a sufficient question as to require a plenary hearing if and when quasi in rem jurisdiction is perfected. See Hallberg v. Hallberg, 113 N.J. Super. 205 (App. Div. 1971); Tancredi v. Tancredi, 101 N.J. Super. 259 (App. Div. 1968). Cf. Skillman v. Skillman, 136 N.J. Super. 348 (App. Div. 1975); Shaw v. Shaw, 138 N.J. Super. 436 (App. Div. 1976). The trial judge in considering the merits of the application should be guided by the principles stated in, e.g., Gulick v. Gulick, 113 N.J. Super. 366, 370 (Ch. Div. 1971); Skillman v. Skillman, supra, and Clayton v. Muth, 144 N.J. Super. 491 (Ch. Div. 1976).
Reversed and remanded for further proceedings consistent with this opinion.
NOTES
[1] We do not regard the affidavit on the merits as constituting a waiver of the jurisdictional objection in view of the simultaneous motion to dismiss, nor is that argument made by plaintiff. See Allen B. Du Mont Labs., Inc. v. Marcalus Mfg. Co., 30 N.J. 290 (1959).
[2] While there is at present no decision in this State regarding the jurisdictional basis upon which equitable distribution claims may proceed, it is at least clear that as to property located within the State, in rem jurisdiction is sufficient and that conclusion was the evident reason in the 1975 adoption of R. 4:79-11.