175 N.J. Super. 608 (1980)
421 A.2d 607
MARY HANN, PLAINTIFF,
v.
J. WALTER HANN, DEFENDANT.
Superior Court of New Jersey, Chancery Division Mercer County.
Decided August 25, 1980.
*609 John A. Hartmann, III, for plaintiff (Pellettieri, Rabstein & Altman, attorneys).
Laurence I. Tomar for defendant (Tomar, Kamensky & Smith, attorneys).
TAMS, J.S.C.
In this suit for separate maintenance the parties have been married for 40 years, during which time they resided in Pennsylvania and raised their six children. Plaintiff left defendant and moved to New Jersey. She filed her complaint in this court for separate maintenance, alleging that she was obliged to leave the *610 marital home because of defendant's extreme cruelty. Defendant was personally served with the complaint at the marital home in Pennsylvania.
Plaintiff filed a motion for pendente lite relief seeking primarily financial relief; however, she also sought to enjoin defendant from communicating with her in any manner and from harassing and threatening her. In her supporting affidavit plaintiff alleged that she has observed defendant drive around her place of employment many times and up and down the street where she resides. She further alleged that defendant has threatened to kill her.
Defendant countered plaintiff's motion with a motion to dismiss her complaint for lack of jurisdiction over his person, pursuant to R. 4:6-2(b), and to deny her application for pendente lite relief. Defendant did not file an answer to plaintiff's complaint; however, under R. 4:6-2(b) his motion to dismiss accompanied by a memorandum of law was procedurally proper. Defendant's affidavit in support of his motion and in opposition to plaintiff's motion was addressed primarily to the financial relief sought by plaintiff, denying that she demonstrated any need for support. His essential assertion in support of his claim of lack of personal jurisdiction was that neither plaintiff nor defendant had ever lived in New Jersey during the course of the marriage. His accompanying brief further addressed the jurisdictional issue.
A plenary hearing was held August 20, 1980 as to certain facts which, while alleged in affidavits, needed to be presented at an evidentiary hearing where they were subject to regular proof with cross-examination. From that hearing I determine as follows.
The parties were married on July 31, 1939 and lived their whole married life in Pennsylvania until plaintiff left defendant on February 8, 1980, allegedly as a result of his extreme cruelty to her. She came to live in New Jersey on that date and has lived in this State since, earning an income as a teacher in the public school system in Bordentown, New Jersey, as she had for some ten years before. During their marriage the parties *611 purchased two homes in joint names in New Jersey. The first, a single-family home on the waterfront in Salem, was bought in 1977 and was intended as a future retirement home; the other is a three-apartment house in Beverly. In connection with the Salem home, defendant and plaintiff made many trips there to do renovation work and to visit neighbors who had become friends. As to the Beverly house, they made numerous trips together and performed extensive work renovating the three apartments contained in the house. Both properties have been rented since their acquisition although they do little more than carry their own expenses.
I further find that after the parties separated defendant made a substantial number of excursions by car into New Jersey for the purpose of checking up on the activities of plaintiff, and that during this time he made several threats on plaintiff directly or impliedly by his actions and statements.
The issue presented is whether this court may exercise jurisdiction, either in personam or quasi in rem, in this matter.
Drobney v. Drobney, 146 N.J. Super. 317 (App.Div. 1977), is similar to the present case. There the parties were divorced in Colorado where they had resided during marriage. Pursuant to an agreement incorporated in the divorce judgment, the wife retained custody of two of the four children of the marriage and received $50 a week per child in child support. She also received half of the proceeds of three mortgages on properties located in New Jersey. The wife then relinquished custody of one child and returned with the youngest child to New Jersey where she filed a complaint for increased child support and served the defendant personally in Colorado. She sought by pendente lite motion to have the increased child support satisfied out of defendant's share of the mortgage proceeds. Defendant as in this case filed a cross-motion to dismiss the complaint for lack of personal jurisdiction, accompanied by an affidavit addressed to the merits. The trial judge granted defendant's cross-motion to dismiss. The Appellate Division, after discussing the various bases of jurisdiction, found that quasi in rem jurisdiction existed and was sufficient to afford plaintiff the relief she requested. Upon finding the requisite quasi in rem jurisdiction, the Appellate *612 Division held that the trial judge should have regarded plaintiff's application as one for issuance of a writ of attachment and proceeded accordingly. The court also declined, in view of its finding of quasi in rem jurisdiction, to address the issue of whether defendant was amenable to long-arm in personam jurisdiction on the basis of sufficient minimal contacts in New Jersey. Id. at 325.
Drobney, while clearly similar to the present case, is not dispositive of it since the facts and the relief requested differ substantially. In Drobney the wife sought to satisfy an award of increased child support out of the husband's share of the mortgage proceeds. In the present case the financial relief sought by plaintiff is not requested to be satisfied out of defendant's share of the income from the parties' jointly owned New Jersey properties. Further, plaintiff herein is seeking to restrain defendant from harassing and threatening her. This relief is clearly personal in nature and may only be granted if this court has in personam jurisdiction over the defendant. It was held in Shaffer v. Heitner, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), that the presence in the state of property alone will not support the state's jurisdiction where the property is unrelated to the cause of action. Id. at 208-209, 97 S.Ct. at 2581-2582. Certainly the presence of jointly owned property in New Jersey is unrelated to the restraints sought against the defendant. Thus, while the court in Drobney, supra, found it unnecessary to address the issue of long-arm in personam jurisdiction, this court must do so to determine whether the relief here requested may be granted.
In Roland v. Modell's Shoppers World of Bergen Cty., 92 N.J. Super. 1, (App.Div. 1966), the court enunciated New Jersey's view of long-arm in personam jurisdiction:
... [T]he law has been that "due process required only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.' International Shoe Co. v. State of Washington, 326 U.S. 310, 316 [66 S.Ct. 154, 158, 90 L.Ed. 95]," 92 N.J. Super. at 6."
Our Supreme Court stated in J.W. Sparks & Co. v. Gallo, 47 N.J. 295 (1966):

*613 International Shoe made it clear that the test is "fundamental fairness" to the defendant in light of his contacts with the forum state, its legitimate interests, and the interests of trial convenience . .. [at 301]
Drobney, supra, holds that jurisdictional bases of personal jurisdiction, including long-arm personal jurisdiction, apply to matrimonial actions as well as other civil actions 146 N.J. Super., at 324. Thus, in the instant case defendant's contacts in the State of New Jersey must be examined in light of "traditional notions of fair play and substantial justice." International Shoe, supra.
Here, defendant's contacts with New Jersey consist in part of his joint ownership with his wife of property in New Jersey. In Drobney the court declined to decide whether such ownership represented sufficient minimal contacts to support in personam jurisdiction. However, in a discussion of that case Skoloff, New Jersey Family Law Practice (3 ed. 1976), states:
... [T]he Appellate Division ... does not reach the question as to whether or not a defendant is amenable to an exercise of long arm in personam jurisdiction on the basis of sufficient minimal contacts in New Jersey. It would seem that this issue is now ripe for determination by our Appellate Courts, and based upon many reported decisions allowing long arm jurisdiction, it would seem that a defendant with minimal contacts in New Jersey will be susceptible to long arm personal service. [at A26]
There are other factors in the present case not found in Drobney which are supportive of this court's exercise of long-arm in personam jurisdiction over defendant. As previously determined, defendant has had significant personal contacts in this State while driving around plaintiff's place of employment and up and down the street where she resides. Previous contacts occurred during the time the parties came to New Jersey to work on their properties in Salem and Beverly. Defendant has been frequently present in our State for various reasons and most particularly for many purposes closely associated with plaintiff and defendant in their personal relationship. These contacts clearly support in personam jurisdiction and do not offend any "traditional notions of fair play and substantial justice" (see International Shoe, supra), and this court so finds.
Because of the evidence of defendant's threats to plaintiff, he is enjoined from harassing or threatening plaintiff by *614 any action or communication and until further order of this court.
As to defendant's cross-motion that plaintiff has failed to set forth a cause of action for separate maintenance, if she proves the charges of extreme cruelty alleged in her complaint, then there may be a constructive desertion, see Gutmann v. Gutmann, 70 N.J. Super. 266 (App.Div. 1961); and the fact that she supports herself as a school teacher does not prove that she has sufficient money and is not entitled to separate maintenance support. See Capadonno v. Capadonno, 58 N.J. 113 (1971), where the wife (a school teacher) sued for separate maintenance, and the court stated:
... a wife's income is not, as the defendant contends, the sole factor to be considered. His ability to pay, the duration of the marriage, and the age of the parties must also be considered. The extent to which the wife's earnings should be applied in diminution of the husband's obligation will depend on all the circumstances. [at 119]
Finding the constructive desertion to be well pleaded by plaintiff and considering the Capadonno guideline for determining the requested separate maintenance, I deny defendant's motion to dismiss. See Ridgefield Park v. Bergen Cty. Bd. of Taxation, 31 N.J. 420, 425; see, also, J.H. Becker, Inc. v. Marlboro Tp., 82 N.J. Super. 519, 524 (App.Div. 1964).