**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-2787-22
                  A-0789-23

BAYVIEW LOAN SERVICING,
LLC.,

      Plaintiff-Respondent,

v.

REZA FARZAN,

      Defendant-Appellant,

and

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS,
INC., as nominee for AMERICAN
MORTGAGE NETWORK, INC.,

      Defendant.

_____

Argued October 8, 2024 – Decided November 8, 2024

Before Judges Firko and Augostini.

On appeal from the Superior Court of New Jersey, Chancery Division, Monmouth County, Docket No. F-013470-16.

Reza Farzan, appellant, argued the cause pro se.

Gregg P. Tabakin argued the cause for respondent (Fein, Such, Kahn & Shepard, PC, attorneys; Gregg P. Tabakin, on the brief).

PER CURIAM

In these back-to-back appeals, which we have consolidated for the purpose of writing one written opinion, defendant Reza Farzan appeals from orders entered on May 12, 2023 and September 25, 2023. We affirm.

## I.

The procedural history and facts of this case were previously detailed in our decision, Bayview Loan Servicing, LLC v. Farzan, No. A-2336-21 (App. Div. June 7, 2023 slip op. 1-7). We incorporate the facts set forth in our prior opinion and recount only salient facts to give context to the issues before us on these appeals.

On February 14, 2005, defendant obtained a residential loan for property in Holmdel, New Jersey in the amount of $359,650.00 from American Mortgage Network, Inc. The note, which defendant signed in favor of American Mortgage Network, Inc. was secured by a mortgage naming Mortgage Electronic Registration Systems Inc. (MERS) as nominee for American Mortgage Network, Inc.

Defendant made payments on the loan from February 2005 to September 2008 and ceased making payments after losing his job. He has continued to live in the home without making payments on this debt.

On February 27, 2009, MERS, as the nominee for American Mortgage Network, Inc., assigned the mortgage to Chase Home Finance, LLC (Chase). On February 28, 2014, Chase assigned the mortgage to plaintiff Bayview Loan Servicing, LLC.

On or about July 27, 2015, defendant entered into a loan modification agreement with plaintiff. Shortly thereafter, on August 1, 2015, defendant defaulted on the loan and has not made the required monthly payments to date.

A foreclosure complaint was filed on May 12, 2016. Defendant filed an answer and counterclaim on July 27, 2016. The parties filed cross motions for summary judgment, and on March 3, 2017, the trial court granted summary judgment to plaintiff and denied defendant's cross-motion.

After years of motion practice in both state and federal court, plaintiff filed its motion for final judgment of the foreclosure on August 20, 2019, which was granted. On September 3, 2019, the trial court entered a final judgment of foreclosure.

3

In March 2022, defendant moved for a stay of the foreclosure action because he filed for bankruptcy protection, and he also sought the judge's recusal and to vacate the writ of execution. On April 1, 2022, the court denied the relief.

On January 4, 2023, defendant filed a motion seeking to strike the assignment to Chase, vacate summary judgment, withdraw the writ of execution, and dismiss the foreclosure complaint. This relief was denied on May 12, 2023. Before the January 4th motion had been decided, on May 6, 2023, defendant filed a motion to stay the sheriff's sale and dismiss the foreclosure complaint. This motion was also denied on May 12, 2023.

Defendant had filed another matter regarding the property in the law division. At the request of the law division judge, the chancery division judge stayed the sheriff's sale until July 10, 2023 to permit the law division motions to be resolved.

On September 19, 2023, defendant filed an order to show cause to stay the sheriff's sale until certain documents were provided and other issues resolved. The court denied the relief sought in an order entered on September 25, 2023.

This appeal followed.

II.

In his merits brief regarding the order entered on May 12, 2023, defendant contends:

POINT I

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO ATTEND THE ORDER TO SHOW CAUSE HEARING IN PERSON. THE TRIAL COURT FORCED ME TO ATTEND THE HEARING VIA ZOOM AGAINST MY WILL.

POINT II

THE TRIAL COURT ERRED BY ALLOWING BAYVIEW'S ATTORNEY TO PROCEED WITH HIS ORAL ARGUMENT.

POINT III

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO EXAMINE THE MORTGAGE ASSIGNMENT OF 2/27/2009, THE [A]FFIDAVIT OF LOST NOTE OF 2/12/2014, AND THE MORTGAGE ASSIGNMENT OF 2/28/2014 IN AN EVIDENTIARY HEARING.

POINT IV

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO EXAMINE THE HAM AGREEMENT OF 2015 AND SAMANTHA DICKIE'S CERTIFICATION OF 10/18/2022 IN AN EVIDENTIARY HEARING.

POINT V

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO COMPEL BAYVIEW TO PRODUCE AN STATEMENT UNDER OATH REGARDING THE PARTIES OF INTEREST OF THE NOTE PER NEW JERSEY CHAPTER 225 LAW.

POINT VI

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO COMPEL BAYVIEW TO PRODUCE AN ASSIGNMENT OF THE NOTE AND ASSIGNMENT OF THE MORTGAGE FROM BAYVIEW TO NATIONSTAR.

POINT VII

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO GRANT ME PAIN AND SUFFERING DAMAGES AND PUNITIVE DAMAGES FOR COMMITTING FRAUD UPON THE COURT BY BAYVIEW.

POINT VIII

THE TRIAL COURT ERRED BY FAILING TO ACKNOWLEDGE AND DECLARE THAT THE FORECLOSURE COURT LACKED SUBJECT MATTER JURISDICTION BY PROCEEDING WITH THE FORECLOSURE COMPLAINT FILED BY BAYVIEW ON MAY 12, 2016.

POINT IX

THE TRIAL COURT ERRED BY FAILING TO DISMISS THE FORECLOSURE COURT OF 5/12/16.

POINT X

THE TRIAL COURT ERRED BY FAILING TO RESTORE MY CONSTITUTIONAL RIGHTS IN THE FORECLOSURE COURT OF MONMOUTH COUNTY[,] NJ.

Defendant raises many of the same issues in his merits brief regarding the order dated September 25, 2023[1]; however, he raises these additional contentions:

POINT II

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO VACATE THE SUMMARY JUDGMENT OF 3/3/17.

POINT III

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO VACATE THE FINAL JUDGMENT OF 9/3/19.

POINT IV

THE TRIAL COURT ERRED BY DENYING MY REQUEST TO WITHDRAW THE ALIAS WRIT OF EXECUTION OF 1/13/22.

POINT VI

---

[1] The following points raised in defendant's merits brief challenging the order dated September 25, 2023 were raised in the merits brief challenging the May 12, 2023 orders and are not repeated here:  Points I, V, VII, VIII and IX.

A-2787-22

THE TRIAL COURT ERRED BY DENYING MY
REQUEST TO REMOVE MY HOUSE FROM THE
SHERIFF[']S SALES LIST.

We begin by acknowledging the limited scope of our review.  "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).  However, "[r]eviewing appellate courts should 'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 483-84 (1974)).

When reviewing a final judgment, we review conclusions of law de novo. Ibid. "'Because statutory interpretation involves the examination of legal issues,' we apply 'a de novo standard of review.'" State v. Patterson, 435 N.J. Super. 498, 515 (App. Div. 2014) (quoting State in the Int. of K.O., 217 N.J. 83, 91 (2014)).  When reviewing the facts of a case, we will apply a deferential

standard to the findings of the trial court.  Balducci v. Cige, 240 N.J. 574, 594 (2020).

## A.

## Res Judicata and Collateral Estoppel

The long-established doctrine of res judicata bars the re-litigation of claims already litigated and resolved.  Velasquez v. Franz, 123 N.J. 498, 505 (1991).  Plainly stated, once a cause of action has been addressed on the merits, those claims are no longer open to re-litigation.  Ibid. (citing Roberts v. Goldner, 79 N.J. 82, 85 (1979)).  "For a judicial decision to be accorded res judicata effect, it must be a valid and final adjudication on the merits of the claim."  Id. at 506.

The doctrine of res judicata rests upon policy considerations that guard parties against vexatious, repetitious litigation, while also protecting the public against the burdens such litigation poses on the community.  Lubliner v. Bd. of Alcoholic Beverage Control for Paterson, 33 N.J. 428, 435 (1960).

> As our Supreme Court explained in Velasquez, 123 N.J. at 505:
>
>> [t]he rationale underlying res judicata recognizes that fairness to the defendant and sound judicial administration require a definite end to litigation. The doctrine evolved in response to the specific policy concerns of providing finality and repose for the litigating parties; avoiding the

A-2787-22

> burdens of relitigation for the parties and the court, and maintaining judicial integrity by minimizing the possibility of inconsistent decisions regarding the same matter.
>
> [Velasquez, 123 N.J. at 505.]

[Rippon v. Smigel, 449 N.J. Super. 344, 367 (App. Div. 2017) (citations reformatted).]

The application of res judicata is a question of law and requires these four elements: "(1) a final judgment by a court of competent jurisdiction, (2) identity of issues, (3) identity of parties and (4) identity of the cause of action." Selective Ins. Co. v. McAllister, 327 N.J. Super. 168, 172-73 (App. Div. 2000) (quoting T.W. v. A.W., 224 N.J. Super. 675, 682 (App. Div. 1998)); see also Rippon, 449 N.J. Super. at 367.

The doctrine of collateral estoppel also bars relitigating claims previously resolved. For the doctrine to apply,

> [T]he party asserting the bar must show that: (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

> [Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 521
> (2006) (quoting In re Estate of Dawson, 136 N.J. 1, 20-
> 21 (1994) (citations and parentheticals omitted)).]

In denying the relief sought in the May 12, 2023 orders, the court found defendant's arguments were either previously asserted or, by the exercise of reasonable diligence, should have been asserted. The court further found that other arguments were time barred, waived, or stale.

Defendant asserts the court erred in this conclusion because "the order of 12/10/2010 was new" as were defendant's communications with the sheriff. Additionally, defendant argues that when fraud is asserted, there is no time limit to vacate a complaint. These arguments are without merit.

Defendant's primary contention is that there were irregularities in the 2009 assignment of the mortgage based on allegations of robo-signing[2] of that assignment. In support of this assertion, which he has previously raised, defendant relies upon the December 20, 2010 Administrative Order 01-2010 issued by Acting Administrative Director of the Courts, Glenn A. Grant in the

---

[2] "'Robo-signers' are mortgage lender/servicer employees who sign hundreds—in some cases thousands—of affidavits submitted in support of foreclosure claims without any personal knowledge of the information contained in the affidavits. 'Robo-signing' may also refer to improper notarizing practices or document backdating." Administrative Order 01-2010: Directing Submission of Information from Residential Mortgage Foreclosure Plaintiffs pmbl. at 3 n.1 (Admin. Off. of the Cts. Dec. 20, 2010) [hereinafter Administrative Order].

performance of his supervisory responsibilities over the Office of Foreclosure. Defendant's arguments and reliance upon this administrative order are misplaced and barred by res judicata and collateral estoppel.

To protect the integrity of the judicial process and "ensure the veracity of filings with the court in foreclosure cases[,]" Administrative Order ¶ 26 set forth a number of steps to address foreclosure actions filed in 2010. The foreclosure complaint filed against defendant was not filed until 2016.

The order further directed, pursuant to the Supreme Court's order of December 20, 2010, amendments to the New Jersey Rules of Court be adopted in all residential foreclosure actions to prevent future irregularities. Id. at ¶ 34; R. 4:64-1. Following this directive, amendments to Rule 4:64-1 took effect in 2010 and set forth specific requirements for attorneys representing foreclosure plaintiffs designed to reduce deficiencies and irregularities in foreclosure complaints.

These requirements were in effect at the time of the filing of this foreclosure matter. While defendant contends he only recently became aware of the administrative order, the court rules as amended have been in effect throughout the litigation and defendant, as a self-represented litigant, is obligated to be familiar with and guided by these rules. Further, as the court

correctly noted, defendant's bare allegations of irregularities have been previously litigated or, through the exercise of reasonable diligence and familiarity with court rules, should have previously been raised.

We are satisfied that the court properly concluded that defendant's bare allegations of robo-signing regarding the 2009 assignment of the mortgage are clearly time barred and are insufficient to allege a fraud claim.

Final judgment in the foreclosure action was entered over five years ago on September 3, 2019, and the foreclosure complaint was filed approximately eight years ago in 2016. Defendant was properly served with the complaint, filed an answer and counterclaim, and as the court noted, during this litigation, has filed over forty motions in this vigorously litigated case.

Discovery has long since ended in this case; yet defendant persists in his demands to examine the mortgage assignment of 2009; the affidavit of lost note of February 12, 2014; the mortgage assignment of February 28, 2014; the HAM agreement of 2015; and the October 18, 2022 certification of Samantha Dickie. Defendant offers no legal support for his contention that now, five years after final judgment has been entered, the court should vacate final judgment, re-open discovery and begin the litigation anew.

13

At the September 25, 2023 order to show cause hearing, defendant reiterated many of the same claims. Defendant reasserted the claim that the court lacked subject matter jurisdiction. He further argued that the February 27, 2009 assignment of the note to Chase was "called fraudulent" in the December 20, 2010 administrative order. Defendant requested an evidentiary hearing based on these alleged irregularities as he had requested in the past.

Unrelated to defendant's claims, plaintiff advised the court that the sheriff's sale of the property was being adjourned.[3] The court granted a stay of the sheriff's sale until November 20, 2023. At oral argument on these appeals, plaintiff advised that the sale had not taken place; however, there was no impediment to proceeding with the sheriff's sale.

In denying the order to show cause on September 25, 2023, the court correctly noted that defendant's claims have been raised, considered by various courts throughout the "litigation spanning 2016 to the present time" and have been resolved. It explained that defendant's arguments "sound in the same arguments of forged assignments, and forged documents, and perjury." Further,

---

[3] At the hearing on September 25, 2023, plaintiff's counsel advised the court that in handling the foreclosure matter, a substantial child support judgment against defendant was overlooked, and it "potentially" rendered part of the foreclosure defective. As a result, plaintiff represented that the matter needed to be reviewed further before proceeding with the sheriff's sale of the property.

the court properly concluded that defendant failed to meet the four-prong test of Crowe v. DeGioia[4] warranting emergent relief.

We are satisfied that the record fully supports the court's conclusion that the relief sought had either been previously litigated, or should have been, and that defendant failed to justify emergent relief.

B.

Subject Matter Jurisdiction

Defendant has repeatedly argued that the court lacked subject matter jurisdiction to adjudicate the foreclosure complaint based upon alleged irregularities in the assignments of the mortgage. We reject this assertion as without merit.

Subject matter jurisdiction addresses a "threshold determination as to whether the Court is legally authorized to decide the question presented," or has the authority to adjudicate the controversy. Gilbert v. Gladden, 87 N.J. 275, 280-81 (1981). A foreclosure action that seeks a sale of the mortgaged property is a quasi in rem action. Montclair Sav. Bank v. Sylvester, 122 N.J. Eq. 518, 521 (E. & A. 1937). The action is properly brought in the county where the property is located. Guardian Life Ins. Co. of Am. v. Rita Realty Co., 17 N.J.

_____

[4] 90 N.J. 126 (1982).

Misc. 87, 92 (Sup. Ct. 1930).  Thus, "[t]he Chancery Division [will] ha[ve] in rem jurisdiction [if] the property is within New Jersey and subject to the court's control."  Last v. Audubon Park Assocs., 227 N.J. Super. 602, 606 (App. Div. 1988)(citing Drobney v. Drobney, 146 N.J. Super. 317, 322 (App. Div. 1977)).  Moreover, subject matter jurisdiction is nonwaivable.  R. 4:6-7.

Here, the foreclosure complaint was filed in Monmouth County, where the mortgaged property is located.  Thus, the court clearly had subject matter jurisdiction to adjudicate the foreclosure complaint.

C.

Case Management of Court Proceedings

Defendant raises issues pertaining to the court's management of the case. He argues that the court erred in denying his request to attend the order to show cause hearing on September 25, 2023 in person and further erred by allowing plaintiff's attorney to proceed with oral argument.  We find both contentions are without merit.

Defendant provides no proof that he requested to attend the order to show cause hearing in person or that this request was denied.  The transcript of the hearing does not corroborate defendant's claims that he raised this request at the

16

beginning of the hearing; nor does defendant contend that he was prejudiced in any way by appearing remotely.

Assuming arguendo that defendant's request to appear in person was denied, the court was well within its authority to determine whether a routine motion hearing should be handled virtually. See Notice to the Bar and Public: "The Future of Court Operations – Updates To In-Person and Virtual Court Events" (October 27, 2022).

We are satisfied that the court did not abuse its discretion in conducting the proceedings remotely.

D.

N.J.S.A. 46:15-6.1

Defendant next asserts that the court erred by denying his request to compel plaintiff to produce a statement under oath regarding the parties of interest of the note pursuant to New Jersey Chapter 225. L. 1979, c. 225, § 1. This law pertains to the application to the sheriff for the sale of real property. Specifically, the sale shall not proceed until plaintiff has provided to the sheriff "a statement, under oath, listing the names of all mortgagees and other holders of encumbrances and the current balance of all prior mortgages, liens, or encumbrances constituting 'consideration' as defined in section 1(c) of the act to

which this act is a supplement (C.46:15-5(c)), to which such sale shall be subject." N.J.S.A. 46:15-6.1.

Defendant's argument is premature. The sheriff's sale of the property to date has not occurred, nor, as of the date of oral argument, had it been scheduled. Thus, the court properly denied this relief.

In conclusion, we are satisfied that the court properly denied the relief sought on May 12, 2023 and September 25, 2023. We are also satisfied that the court did not abuse its discretion in handling the proceedings remotely.

To the extent we have not addressed them, all other points raised by defendant lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2787-22